IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JOHN P. HEHMAN
CLERK

2013 JAN 14 PM 2:36

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
COLUMBUS

| | |
|---|---|
| NICOLE A. SHERROD, Individually and on Behalf of a Class of Similarly Situated Consumers, | CASE NO. 2:13-cv-36 |
| | JUDGE JUDGE GRAHAM |
| PLAINTIFF, | MAGISTRATE MAGISTRATE JUDGE KEMP |
| V. | |
| ENIGMA SOFTWARE GROUP USA, LLC, | JURY DEMAND ENDORSED HEREON |
| DEFENDANT. | |

## CLASS ACTION COMPLAINT

Plaintiff Nicole A. Sherrod for her Complaint against Enigma Software Group USA, LLC states as follows:

### SUMMARY OF THE ACTION

1. This is a class action against a software company that purports to sell various software products, including without limitation virus removal and protection software, via the Internet. Enigma accepts credit card payments from consumers, also via the Internet, for the products it sells.

2. Enigma automatically charges consumers' credit cards after the expiration of the set time period without the consumers' authorization.

3. Additionally, Enigma gives consumers an option to cancel its services. It does not, however, honor consumers' cancellation requests. Instead, it charges consumers' credit cards for additional services even after consumers cancel.

4. Enigma refuses to refund consumers for the unauthorized credit card charges.

1

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Nicole A. Sherrod is a citizen of the State of Ohio, with a principal residence address in Delaware County, Ohio.

6. Defendant Enigma Software Group USA, LLC, is a limited liability company organized under the laws of the State of Florida and has its principal place of business located at 2803 Gulf-to-Bay Boulevard, Suite 446, Clearwater, Florida 33759.

7. This Court has jurisdiction over the parties and claims alleged herein pursuant to 28 U.S.C. 1332(a), (d)(2), (d)(6) and (d)(7). Diversity of citizenship exists as between the named parties as they are citizens of different states. The aggregate amount in controversy for this putative class action in the aggregate exceeds $5,000,000.00.

8. Venue is proper in this district and division pursuant to 28 U.S.C. 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS AND CLASS CERTIFICATION

9. Enigma is a privately held international systems integrator and developer of PC security software. It specializes in the development of PC security software, adaptive threat assessment, detection of PC security threats, and malware custom fixes for its millions of subscribers worldwide. Enigma's subscribers are individual users, businesses, municipal and government users. Enigma sells subscriptions to its software solutions via the Internet.

10. Plaintiff purchased virus removal software from Enigma in April 2012.

11. Plaintiff canceled her subscription to the software in October 2012.

12. Plaintiff subsequently received a renewal notice for the software.

13. Plaintiff contacted Enigma, canceled the subscription, and received notification from Enigma that it canceled her subscription.

2

14. Enigma charged Plaintiff's credit card, which it had on file from Plaintiff's previous purchase, for the renewal. The amount it charged was approximately $70.00.

15. Plaintiff requested, and has not received, a credit from Enigma.

16. Enigma's acts and omissions are unfair, unconscionable and deceptive.

## CLASS ALLEGATIONS

17. Plaintiff purports to represent a class of individual consumers similarly situated to her in connection with their purchase of software from Enigma. As with Plaintiff, Enigma did not honor consumer software subscription cancellations, renewed those subscriptions without authorization, and charged consumers' credit cards.

18. The class of persons Plaintiff purports to represent is so numerous that joinder of all members is impracticable.

19. There are questions of law or fact common to the class. They are *inter alia* as follows:

    a. What are the terms of Enigma's software subscription agreement?

    b. What are consumers' rights to cancel the software subscription?

    c. What are Enigma's policies, procedures and practices concerning processing a cancellation?

    d. What are Enigma's policies, procedures and practices for renewing software subscriptions?

    e. What are Enigma's policies, procedures and practices for storing consumer credit card information?

    f. What are Enigma's policies, procedures and practices for using stored consumer credit card information to renew consumers' subscriptions?

      g.    What are Enigma's policies, procedures and practices for charging consumers' credit cards to renew software subscriptions <u>after</u> consumer cancels her subscription?

      h.    What are Enigma's policies, procedures and practices for refunding renewal charges that consumers did not authorize?

20.    The claims of the persons Plaintiff purports to represent are typical of the claims of the class.

21.    Plaintiff and her undersigned counsel will fairly and adequately protect the interests of the proposed class.

22.    As a practical matter, an adjudication of Plaintiff's claim would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their individual interests.

23.    Moreover, Defendant has acted or refused to act on grounds that apply generally to the proposed class, so that final relief entered in this action is appropriate with respect to the class as a whole.

24.    Questions of law or fact common to proposed class members predominate over any questions affecting only individual members.

25.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented here because:

      a.    The proposed class members' interest in individually controlling the prosecution of a separate action are aligned factually and legally;

      b.    Upon information and belief, this is the first class action filed against Defendant in concerning the issue presented herein;

c. The interests of judicial economy weigh heavily in favor of concentrating the adjudication of the claim presented here in one forum;

d. There will be little difficulty in managing a finite class comprised of consumers who are similarly situated to Plaintiff.

26. Based upon the foregoing, this Court should certify a class comprised of all consumers who subscribed to Enigma's software products, canceled their subscription, and were charged for a renewal without giving Enigma prior authorization.

27. The proposed class period is January 14, 2003 through the present.

## CLAIMS FOR RELIEF

## COUNT ONE: BREACH OF CONTRACT

28. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if rewritten here.

29. Plaintiff entered into a valid, binding agreement with Enigma according to which she purchased certain software.

30. Plaintiff at all times met her obligations under the agreement with Enigma.

31. Enigma breached the agreement by first, failing to cancel Plaintiff's subscription upon request; and, second, charging Plaintiff's credit card a renewal fee without prior authorization and after Plaintiff canceled her subscription.

32. As a direct and proximate result of Enigma's acts and omissions, Plaintiff and all similarly situated consumers have been damaged.

## COUNT TWO: PROMISSORY ESTOPPEL

33. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if rewritten here.

5

34. Plaintiff reasonably relied upon representations made by Enigma that it canceled and would not automatically renew her software subscription.

35. Plaintiff would not have permitted Enigma to keep her credit card information on file, and use it, to charge her renewal fees for a software subscription she canceled but for Enigma's representations.

36. Plaintiff's reliance on Enigma's representations that it canceled and would not renew her software subscription was reasonable. She had no reason to believe that Enigma would charge her credit card for renewal fees after she canceled her subscription.

37. As a direct and proximate result of Enigma's acts and omissions, Plaintiff and all similarly situated consumers have been damaged.

## COUNT THREE: FRAUD

38. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if rewritten here.

39. Enigma made statements of material fact to Plaintiff that it accepted her cancellation of the software subscription she purchased. It also made statements of material fact that it would not renew her software subscription.

40. Enigma charged Plaintiff's credit card to renew her software subscription without her prior authorization, and did not disclose this material fact to Plaintiff despite a duty to do so. Plaintiff learned about the charge when she received and reviewed her credit card statement.

41. Plaintiff reasonably relied on Enigma's statements, and took no action to delete her credit card number from Enigma's records or any other protective measure to prevent Enigma from charging for a software subscription she did not want and canceled.

6

42. Enigma's acts and omissions were malicious, deliberate, and egregious; and, they were in wanton disregard of Plaintiff's rights.

43. As a direct and proximate result of Enigma's acts and omissions, Plaintiff and all similarly situated consumers have been damaged.

## COUNT FOUR: MISREPRESENTATION

44. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if rewritten here.

45. Enigma in the course of its business, and having a pecuniary interest at stake, made false statements to Plaintiff concerning the cancellation, renewal and renewal charge for the software subscription she purchased. Enigma failed to exercise reasonable care or competence in obtaining and communicating information to Plaintiff concerning these things.

46. Plaintiff justifiably relied on Enigma's representations that it accepted her software subscription cancelation and renewal declination and did not take any steps to stop Enigma from charging her credit card, without prior authorization, for a software subscription she did not want and canceled.

47. As a direct and proximate result of Enigma's acts and omissions, Plaintiff and all similarly situated consumers have been damaged.

## JURY DEMAND

48. Plaintiff hereby demands a jury trial.

## DEMAND FOR JUDGMENT

Plaintiff, individually and on behalf of a class of similarly situated individual consumers, hereby demands judgment against Defendant Enigma Software Group, LLC as follows:

7

A. On Count One of the Complaint for breach of contract, monetary damages in excess of $5,000,000.00.

B. On Count Two of the Complaint for promissory estoppel, monetary damages in excess of $5,000,000.00.

C. On Count Three of the Complaint for fraud, monetary damages in excess of $5,000,000.00.

D. On Count Four of the Complaint for misrepresentation, monetary damages in excess of $5,000,000.00.

E. Certification of a class of similarly situated individual consumers.

F. Pre-judgment interest.

G. Punitive damages.

H. Attorneys' fees and costs.

I. All other relief available under applicable law.

\
\
\
\
\
\
\
\
\
\
\
\
\
\
\
\
\
\

Respectfully submitted,

/s/ Brian J. Laliberte

Brian J. Laliberte (0071125)
Trial Attorney
Brian J. Laliberte Co., LPA
Two Miranova Place – Suite 300
Columbus, Ohio 43215
614.255.9011 Direct
614.737.9971 Fax
Brian@BJLOhioLaw.com Email

JOHN SHERROD (0078598)
Mills, Mills, Fiely & Lucas LLP
Trial Attorney
503 South Front Street, Ste. 240
Columbus, Ohio 43215
614.754.7076 Tel.
614.767.5229 Fax
jsherrod@mmfllaw.com Email

Attorneys for Plaintiff