IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicole A. Sherrod,                  :

    Plaintiff,                  :

  v.                              :     Case No. 2:13-cv-36

                                 :     JUDGE JAMES L. GRAHAM
Enigma Software Group, USA,              Magistrate Judge Kemp
LLC,                                :

    Defendant.                  :

OPINION AND ORDER

This case is before the Court on a supplemental motion for discovery pursuant to Fed. R. Civ. P. 56(d) filed by Plaintiff Nicole A. Sherrod. (Doc. #24). For the reasons set forth below, Ms. Sherrod's motion will be denied.

I. Background

Ms. Sherrod filed a class action complaint against Defendant Enigma Software Group USA, LLC ("Enigma"), asserting claims for breach of contract, promissory estoppel, fraud, and misrepresentation. (Doc. #2). Ms. Sherrod's claims arise from her purchase of virus removal software from Enigma. More specifically, Ms. Sherrod claims that, despite her cancellation of the software subscription, Enigma improperly charged her credit card for subscription renewal.

On June 18, 2013, Enigma filed a motion for summary judgment on all claims in the complaint, arguing that its business records disprove Ms. Sherrod's allegations of unauthorized charges to her credit card. (Doc. #11). Enigma states that its records:

> unequivocally demonstrate that plaintiff purchased two software subscriptions from Enigma at two separate times for two different computers using two different credit cards, but only cancelled one of those subscriptions and allowed the other to renew under the terms of the

applicable license agreement.

(Doc. #11 at 1). Enigma argues that its subscription management vendor, Digital River, Inc. ("Digital River"), honored Ms. Sherrod's request to cancel one of her two subscription agreements, and it renewed only the other subscription, which Ms. Sherrod did not cancel. Engima separately filed two declarations in support of its motion for summary judgment.

The first declaration is from Thomas Beidle, the Group Vice President, MyCommerce Operations for Digital River. (Doc. #12). Mr. Beidle explains that Digital River notifies Enigma customers of subscription renewals, as well as processing Enigma's customer payments and cancellations. The documents attached to Mr. Beidle's declaration include two separate invoices reflecting Ms. Sherrod's purchase of two subscriptions, a template that Ms. Sherrod allegedly received for each subscription notifying her that renewal of the subscription would occur if she took no action, an e-mail log related to the first subscription, and Digital River's "How do I cancel my subscription" page which Mr. Beidle swears was available to Ms. Sherrod. Mr. Beidle avers that "Digital River's records do not reflect that Sherrod took any action to cancel her First Subscription prior to its renewal on October 10, 2012." Id. at 3. Mr. Beidle states that, as a result of Ms. Sherrod's taking no action in response to the notice, Digital River processed renewal of the first subscription by charging Ms. Sherrod's credit card $69.98, which is reflected in the subscription status screens attached to the declaration. Also attached to Mr. Beidle's declaration are e-mail logs and status screens for the second subscription, as well as a notification of cancellation of that subscription, which Mr. Beidle avers was prompted by Ms. Sherrod's clicking on the "cancel" link. Mr. Beidle indicates that Digital River was not informed of Ms. Sherrod's request to cancel the automatic renewal

of the first subscription until January 16, 2013, the date on which it processed the cancellation and notified Ms. Sherrod of it.

The second declaration in support of Enigma's motion for summary judgment is from Alessandro Malaspina, Enigma's Vice President, Technical Support, QA and Research. (Doc. #13). Attached to Mr. Malaspina's declaration are, <u>inter alia</u>, a copy of the relevant end user license agreement, a scan log for Ms. Sherrod's account, and transaction records for Ms. Sherrod's subscriptions. Mr. Malaspina avers that Enigma never directly charged any credit card belonging to Ms. Sherrod and that Digital River made and processed any such charges on its behalf.

On July 22, 2013, Ms. Sherrod filed a motion for leave to conduct discovery pursuant to Fed. R. Civ. P. 56(d), requesting that the Court deny the motion for summary judgment, or defer ruling on it, to allow her sufficient time to conduct discovery. (Doc. #16). The Court held a status conference on Ms. Sherrod's motion, during which the parties agreed to confer on the proper scope of discovery for purposes of responding to summary judgment. On September 22, 2013, this Court issued an "agreed-on order granting and part and denying in part plaintiff's rule 56(d) motion for discovery." (Doc. #22). The order, submitted to the Court jointly by the parties, limited discovery as follows:

> a. plaintiff may propound the following requests for production of documents pursuant to Fed. R. Civ. P. 34 to the extent those requests call for non-privileged documents in the possession, custody, or control of Enigma:
>
> > Request for Production No. 1: All business records of Enigma that concern Mr. Sherrod's subscriptions to Enigma software products.
> >
> > Request for Production No. 2: All communications and records of communication between Ms. Sherrod

-3-

>    and Enigma.
>
>    Request for Production No. 3: All business records
>    of Digital River, Inc. that concern Ms. Sherrod's
>    subscriptions to Enigma software products.
>
>    Request for Production No. 4: All communications
>    and records of communication between Ms. Sherrod
>    and Digital River, Inc.
>
> b. plaintiff may take the deposition of Alessandro
> Malaspina, Vice President, Technical Support, QA and
> Research for Enigma, pursuant to Fed. R. Civ. P. 30, to
> the extent that the deposition is limited to matters
> concerning the pending summary judgment motion.
>
> c. plaintiff may seek to take the deposition of Thomas
> Beidle, Group Vice President, MyCommerce Operations for
> Digital River, Inc. pursuant to Fed. R. Civ. P. 30 and
> Fed. R. Civ. P. 45, to the extent that the deposition is
> limited to matters concerning the pending summary
> judgment motion.

Id. at 2. The order also granted Ms. Sherrod leave to seek additional discovery if warranted by the circumstances and granted Enigma the opportunity to oppose Ms. Sherrod's request. The order likewise required the parties to serve initial disclosures on one another.

On November 6, 2013, Ms. Sherrod filed the instant supplemental motion to conduct discovery pursuant to Fed. R. Civ. P. 56(d). (Doc. # 24). In the motion, Ms. Sherrod argues that the discovery she has received is inadequate for purposes of responding to Enigma's summary judgment motion. Id. at 1. More specifically, Ms. Sherrod seeks additional discovery concerning "the business processes associated with consumer purchases and cancellations of software subscriptions," and claims that "[t]hose processes establish an internal standard against which

Defendant's conduct can be measured in [this] case."[1]  Id.  Ms. Sherrod argues that information regarding Enigma's internal business policies and procedures concerning consumer software subscriptions and credit or debit card purchases was "[n]otably missing" from Enigma's production.  Id. at 3.  She contends that she consented to "the limitations in the Agreed Order under the apparent misimpression that Defendant would produce" such documents, but it did not.  Id.  Ms. Sherrod further argues that the policy and procedure documents are crucial to understanding how Enigma's business process should work, and they "should provide a 'key' to understanding the technical documents" that Enigma produced.  Id.  Finally, Ms. Sherrod explains that, although she had that opportunity to depose a defense witness and representative of Digital River, "[s]he declined to do so" because Engima's "very limited document production rendered [her] incapable of adequately preparing for those depositions."  Id. at 4.

Enigma opposes Ms. Sherrod's supplemental motion, arguing that the parties agreed previously on the proper scope of the Rule 56(d) discovery.  Engima explains that, consistent with that agreement, it produced responsive documents comprised of its own business records and Digital River's business records which it had in its possession.  Enigma states that Ms. Sherrod declined to depose Mr. Malaspina, chose not to subpoena deposition discovery from Mr. Beidle, and has yet to subpoena documents from Digital River.  Enigma maintains that, despite Ms. Sherrod's

---

[1] In the supplemental motion to conduct discovery, Ms. Sherrod argues that "a new discovery schedule will have to be set if the Court permits [her] to amend her complaint to add Digital River, Inc. as a defendant."  (Doc. #24 at 1).  Although Ms. Sherrod indicated her intent to seek leave to amend the complaint to add Digital River as a defendant "no later than November 15, 2013," she has not filed such a motion.  Id.

argument to the contrary, the agreed-upon discovery cannot be interpreted to include the documents which Ms. Sherrod now seeks. Enigma argues that "Plaintiff's apparent dissatisfaction with the results of the discovery she has taken – which results demonstrate judgment should enter for Enigma – does not entitle her to take more." (Doc. # 25 at 1-2). Based on its argument that Ms. Sherrod "has in no way established how additional discovery would support her ability to respond to [its] summary judgment motion," Engima urges this Court to deny Ms. Sherrod's motion. Id. at 2.

## II. Discussion

Fed.R.Civ.P. 56(d) provides a mechanism to deal with motions for summary judgment which are filed prior to the close of discovery. The rule, "When Facts Are Unavailable to the Movant," provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party seeking discovery pursuant to Rule 56(d) bears the burden of demonstrating why the discovery is necessary to formulate an opposition to the summary judgment motion. See Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). "Bare allegations or vague assertions of the need for discovery are not enough" to justify granting a Rule 56(d) motion. Id. (citing United States v. Cantrell, 92 F. Supp. 2d 704, 717 (S.D. Ohio 2000). A court's decision on a Rule 56(d) motion is reviewed under an abuse of discretion standard. See CareToLive v. Food and Drug Admin., 631 F.3d 336, 345 (6th Cir. 2011).

In her supplemental motion, Ms. Sherrod fails to satisfy her

burden of demonstrating why the discovery is necessary to formulate an opposition to the summary judgment motion. As noted by Enigma, Ms. Sherrod agreed to the scope of discovery necessary to respond to the summary judgment motion, and her belief that documents pertaining to Engima's business processes would have been included in that discovery is not substantiated by the language in the agreed-on order.  Ms. Sherrod's vague assertion that documents explaining Enigma's business processes would "establish an internal standard against which Defendant's conduct can be measured" fails to "state with some precision" how she expects those documents would help her to oppose summary judgment.  See Summers, 368 F.3d at 887 (internal quotation omitted).

     In her affidavit filed in support of her initial Rule 56(d) motion, Ms. Sherrod admits that she had two subscriptions, but she swears that she cancelled both of them.  She avers:

> I cancelled the subscriptions on or about October 8, 2012.  I did not receive the email confirmation that I was told I would receive.  I was not immediately concerned because at that time Enigma did not charge my credit card.
>      On or about October 10, 2012, I received a notice of renewal.  I immediately contacted Enigma.  I was very clear in my email to the company that I canceled both subscriptions associated with my username (nicoleasherrod) on October 8, 2012.  I also was clear that I did not authorize a renewal and was requesting a credit.

(Doc. #16, Ex. A at ¶¶6-7).  Ms. Sherrod also swears that Enigma charged her credit card for both, not just one, subscription. Id. at ¶9.  Thus, the theories advanced by both Enigma and Ms. Sherrod are based upon the actions taken, or not taken, with respect to Ms. Sherrod's two subscriptions.  In her supplemental motion, Ms. Sherrod limits her request for discovery to her "personal claims."  (Doc. # 26 at 3).  However, Ms. Sherrod fails

to explain how discovery related to Enigma's business processes would help her to establish her claims for breach of contract, promissory estoppel, fraud, or misrepresentation and to oppose Enigma's claim that she cancelled only one of the two subscriptions.

Ms. Sherrod's separate argument that she needs the documents pertaining Enigma's business processes to act as a key to understanding the technical documents that Enigma has produced is similarly unpersuasive.  If Ms. Sherrod needed additional clarification regarding those documents, she could have deposed Mr. Malaspina or sought to depose Mr. Beidle as provided in the agreed-on order.  By her own admission, Ms. Sherrod elected not to pursue that discovery, and a Rule 56(d) motion may not be based on a preference that the discovery sought come in the form of documents, as opposed to deposition testimony.

Here, if Ms. Sherrod wanted more discovery, she was obligated to explain why she cannot present facts essential to justify her opposition to Enigma's motion for summary judgment given the discovery that she has already received.  Ms. Sherrod has failed to provide such an explanation.  Consequently, Ms. Sherrod's Rule 56(d) motion will be denied.

### III. Conclusion

Based upon the foregoing, Ms. Sherrod's supplemental motion for discovery pursuant to Fed. R. Civ. P. 56(d) is denied.  (Doc. #24).  Ms. Sherrod has twenty-one days from the issuance of this opinion and order to file a response to Enigma's motion for summary judgment.

### IV. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                            /s/Terence P. Kemp
                                            United States Magistrate Judge