**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Nicole A. Sherrod,

        Plaintiff,

    v.

Enigma Software Group USA, LLC,

        Defendant.

Case No. 2:13-cv-36

Judge Graham

Magistrate Judge Kemp

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Plaintiff's Motion for Reconsideration (doc. 27) and Motion for Extension of Time to File Response/Reply (doc. 28) filed on January 2 and January 8, 2014 respectively. For the following reasons, the Court will deny the Plaintiff's Motion for Reconsideration and grant her Motion for Extension of Time.

## I.    Background

The following facts are taken from the Plaintiff's Complaint:

The Defendant, Enigma Software Group USA, LLC (Enigma), is a developer of PC security software, which it sells to individual users, businesses, and government entities. Compl. at ¶ 9, doc. 2. The Defendant sells its software to subscribers through the Internet. <u>Id.</u> The Plaintiff, Nicole A. Sherrod, purchased viral removal software from the Defendant in April 2012. <u>Id.</u> at ¶ 10. In October 2012, the Plaintiff canceled her subscription for the Defendant's software. <u>Id.</u> at ¶ 11. When the Plaintiff received a renewal notice for the Defendant's software, the Plaintiff contacted the Defendant, canceled the subscription, and received notification from the Defendant that she canceled her subscription. <u>Id.</u> at ¶¶ 12–13. Despite the Plaintiff canceling her subscription, the Defendant subsequently renewed her subscription and charged her credit card

1

approximately $70.00. Id. at ¶ 14. The Plaintiff then requested that the Defendant credit her account, but the Defendant has not complied with that request. Id. at ¶ 15.

On January 14, 2013, the Plaintiff filed a putative class action Complaint (doc. 2) bringing claims of breach of contract, promissory estoppel, fraud, and misrepresentation against the Defendant on behalf of herself and similarly situated consumers. The Defendant filed a Motion for Summary Judgment (doc. 11) on June 18. In its Motion, the Defendant argue that its business records conclusively demonstrate that "the plaintiff purchased two software subscriptions from Enigma at two separate times for two different computers using two different credit cards, but only cancelled one of those subscriptions and allowed the other to renew under the terms of the applicable license agreement." Def.'s Mot. for Summ. J. at 1, doc. 11. In response to the Defendant's Motion for Summary Judgment, the Plaintiff filed a Motion for Leave to Conduct Discovery (doc. 16) pursuant to Federal Rule of Civil Procedure 56(d) on July 22.

Magistrate Judge Kemp held a status conference on the Plaintiff's Motion on July 26, "during which the parties agreed to confer on the proper scope of discovery for purposes of responding to summary judgment." Agreed Order at 1, doc. 22. In consultation with the parties, Magistrate Judge Kemp issued an Agreed Order (doc. 22) granting in part and denying in part the Plaintiff's Motion for Leave to Conduct Discovery. This Order narrowed the Plaintiff's discovery requests to focus on information concerning her transactions with the Defendant. Agreed Order at 1–2. In addition, the Order permitted the Plaintiff to take depositions of the Defendant's Vice-President of Technical Support and the Vice-President of one of the Defendant's vendors. Id. at 2. The Order granted the Plaintiff leave to request additional discovery and set deadlines for the parties to conduct discovery. Id. at 2–3.

On November 6, the Plaintiff filed a Supplemental Motion for Discovery (doc. 24) pursuant to Rule 56(d). In her Motion, the Plaintiff sought additional discovery concerning the Defendant's internal operating procedures related to consumer purchases and cancellations of the Defendant's software subscriptions. On December 19, Magistrate Judge Kemp issued an Opinion and Order (doc. 26) denying the Plaintiff's Motion and directing the Plaintiff to file a response to the Defendant's Motion for Summary Judgment within 21 days. The Plaintiff subsequently filed a Motion for Reconsideration (doc. 27) on January 2, 2014. On January 8, one day before the Plaintiff was obligated to file her response to the Defendant's summary judgment motion, the Plaintiff filed a Motion for Extension of Time to File Response/Reply (doc. 28).

## II.  Motion for Reconsideration

The Plaintiff now argues that the she had no meaningful opportunity to conduct discovery in this case because of the Magistrate Judge's denial of her Supplemental Motion for Discovery. Mot. for Reconsideration at 1, doc. 27. Therefore, the Plaintiff requests that the Court reconsider and vacate the Magistrate Judge's Discovery Opinion and Order. Id. at 2.

### A.  *Standard of Review*

When reviewing a magistrate's nondispositive ruling, the district court applies a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In the context of a discovery dispute, courts review a magistrate judge's decision for an abuse of discretion. Morris v. McQuiggin, No. 12–10417, 2013 WL 1914099, at *1 (E.D. Mich. May 8, 2013) (citing Baker v. Peterson, 67 F. App'x 308 (6th Cir. 2003) (per curiam)); Nathan v. Ohio State Univ., No. 2:10–CV–872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10,

2013); Highland v. Homeservices of Am., Inc., No. 3:05–CV–612, 2012 WL 1680109, at *3

(W.D. Ky. May 14, 2012) (quoting Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006));

see also 12 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 3069 (2d

ed. 2013) ("many matters such as discovery scheduling or disputes might better be characterized

as suitable for an abuse-of-discretion analysis").

> Because the nondispositive review standard is highly deferential, magistrate
> judges have broad discretion to regulate nondispositive matters, and reversal is
> warranted only if that discretion is abused. Although legal authority may support
> an objection, the critical inquiry is whether there is legal authority that supports
> the magistrate's conclusion, in which case there is no abuse of discretion. That
> reasonable minds may differ on the wisdom of a legal conclusion does not mean it
> is clearly erroneous or contrary to law.

Carmona, 233 F.R.D. at 276 (internal citations omitted).


B.    *Discussion*

In his decision, the Magistrate Judge reviewed the Plaintiff's request for supplemental

discovery under Rule 56(d) and concluded that the Plaintiff failed to establish that she could not

present facts essential to justify her opposition to the Defendant's summary judgment motion

without further discovery. The Plaintiff now argues that the Magistrate Judge abused his

discretion in denying the Plaintiff's supplemental motion for discovery. First, the Plaintiff

argues, the Court failed to hold a case management conference and that the parties failed to

confer as required by Federal Rule of Civil Procedure 26(f). Pl.'s Mot. for Reconsideration at 6,

doc. 27. As a result, the Plaintiff maintains that she was unable to conduct full discovery as

permitted by Rule 26 and that she is unable to oppose the Defendant's summary judgment

motion. Id. Second, the Plaintiff reminds the Court that summary judgment cannot be granted

without affording the non-moving party an adequate opportunity to conduct discovery. Id. at 7–

10. At the heart of the Plaintiff's argument is her contention that "[s]he cannot oppose summary judgment without the additional [requested] discovery, and without using that additional discovery to prepare for and take the depositions of two important defense witnesses." Id. at 8. Further, the Plaintiff emphasizes, the scope of discovery under the Federal Rules of Civil Procedure is broad and allows for the discovery of any information reasonably calculated to lead to the discovery of admissible evidence. Id. at 9. In conclusion, the Plaintiff requests the opportunity to conduct additional discovery and to depose two defense witnesses. Id. at 10.

Under Rule 56(d),[1] a nonmoving party may obtain discovery if it identifies specific reasons, by affidavit or declaration, why it cannot present facts essential to justify opposition to the moving party's summary judgment motion. Fed. R. Civ. P. 56(d)(2). This Rule "recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion." CareToLive v. FDA, 631 F.3d 336, 345 (6th Cir. 2011). The party seeking additional discovery bears the burden of demonstrating that adequate discovery has not occurred. Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004); Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). The declaration or affidavit required by Rule 56(d) "must indicate the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered." Egerer v. Woodland Realty, Inc., 556 F.3d 415, 426 (6th Cir. 2009). "Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing." Lanier, 332 F.3d at 1006. See also Summers, 368 F.3d at 887 (citing United States v. Cantrell, 92 F. Supp. 2d 704, 717 (S.D. Ohio 2000)) ("Bare allegations or vague assertions of the need for discovery are not enough" to justify granting a Rule 56(d) motion).

---

[1] On December 1, 2010, Rule 56(d) replaced former Rule 56(f). The Advisory Committee states that Rule 56(d) "carries forward without substantial change the provisions of former subdivision 56(f)." Fed. R. Civ. P. 56 advisory committee note (2010 amendments).

First, the Plaintiff's assertion that the Court failed to hold a case management conference and that the parties failed to confer as required by Federal Rule of Civil Procedure 26(f) is not supported by the record. The Defendant filed its Motion for Summary Judgment on June 18, 2013. Thereafter, the Court granted the Plaintiff's request for an extension of time to respond to the Defendant's summary judgment motion. In lieu of a response to the Defendant's Motion, the Plaintiff filed a Motion for Discovery (doc. 16) on July 22. The following day, the Court scheduled a status conference. At that status conference, "the parties agreed to confer regarding the proper scope of discovery and to report back to the Court." Agreed Order at 1. The Agreed Order recognized that the parties had conferred and agreed on the scope of discovery for the purpose of the Plaintiff's response to Defendant's summary judgment motion. Id. The Order directed the parties to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and set forth a detailed discovery schedule. Id. at 2–3.

Considering these facts, it is perplexing that the Plaintiff continues to argue that the parties failed to confer pursuant to Rule 26(f) and that no case management conference was held. Rule 16 empowers courts to hold pretrial conferences and mandates that a court issue a scheduling order. Fed. R. Civ. P. 16. Courts may hold pretrial conferences for case management purposes. See Fed. R. Civ. P. 16(a). Under Rule 16, courts are required to issue a scheduling order "limit[ing] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Rule 26 generally governs the discovery process and requires that the parties confer prior to seeking discovery. Fed. R. Civ. P. 26. At the Rule 26(f) conference, "the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures

required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan."[2] Fed. R. Civ. P. 26(f)(2).

Here, the Magistrate Judge held two status conferences with the parties to discuss case management as permitted by Rule 16(a). At the first status conference on July 26, 2013, "the parties agreed to confer regarding the proper scope of discovery and report back to the Court." Joint Motion for Enlargement of Time at 1, doc. 18. As part of their discussions, "the parties exchanged drafts of a proposed agreed on order setting forth specific proposed discovery requests." Second Joint Motion for Enlargement of Time at 2, doc. 20. The Magistrate Judge subsequently issued the parties' Agreed Order, which (1) narrowed the scope of discovery to focus on the Plaintiff's personal claims against the Defendant; (2) set forth specific requests for production agreed on by the parties; (3) permitted the Plaintiff to take depositions of the Defendant's Vice President for Technical Support and a Vice President at the Defendant's third party vendor; and (4) authorized the Plaintiff to seek additional discovery. Agreed Order at 1–2.

---

[2] A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including-- if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Fed. R. Civ. P. 26(f)(3).

At the conclusion of the Agreed Order, the Magistrate Judge set forth a detailed discovery schedule. Id. at 3.

The parties' pleadings and the Agreed Order demonstrate that the parties conferred consistent with the intent of Rule 26(f). After the parties conferred, the Magistrate Judge issued the Agreed Order consistent with the parties' discovery plan. Further, the Magistrate Judge outlined a detailed discovery schedule consistent with Rule 16(b). To the extent that the Agreed Order did not provide time limits to amend the pleadings or file substantive motions as required by Rule 16(b), the Magistrate Judge stated his intention to set those deadlines following the completion of discovery. Agreed Order at 3. In short, the parties and the Magistrate Judge substantively complied with the requirements of Rule 16 and Rule 26. Even if the Court were to find to the contrary, the Plaintiff has failed to provide explain the legal significance of this purported failure in the context of Rule 56(d), the central issue in her Motion for Reconsideration.

Second, the Plaintiff continues to argue that documents related to the Defendant's internal operating procedures are necessary for her to respond to the Defendant's summary judgment motion. In support of her initial Rule 56(d) motion, the Plaintiff submitted two affidavits, one from herself and one from her counsel, attesting to her need for additional discovery. In both affidavits, the affiants outlined disputes with the Defendant's account of the facts. See Sherrod Aff. at ¶¶ 6–9; Laliberte Aff. at ¶¶ 6–8. The Plaintiff asserted that "I believe discovery is necessary to explore the following subject matter. Such explanation will allow me to present affirmative evidence in support of my claims and in opposition to the defendant's summary judgment motion." Sherrod Aff. at ¶ 10. Similarly, the Plaintiff's counsel stated that "I

believe that the following discovery is required to oppose summary judgment with affirmative evidence supporting the plaintiff's claims." Laliberte Aff. at ¶ 9.

In her Supplemental Motion for Discovery, the Plaintiff incorporated these affidavits by reference and requested "limited additional discovery concerning Defendant's business processes." Pl.'s Supp. Mot. for Disc. at 2, doc. 24. According to the Plaintiff, "[she] agreed to the limitations in the Agreed Order under the apparent misimpression that Defendant would produce business process documents concerning her subscriptions, her cancellations of those subscriptions, Defendant's failure to cancel both subscriptions, and Defendant's unauthorized charges for cancelled subscriptions." Id. at 3. The Plaintiff emphasized that these business process documents were "crucial" to understanding the Defendant's alleged misconduct. Id. Further, the Plaintiff noted, discovery of business process documents would allow the Plaintiff to understand the technical documents produced by the Defendant and which the Defendant relied on in its summary judgment motion. Id.

Next, the Plaintiff discussed the Defendant's lack of production of documents concerning the Defendant's relationship with Digital River, a third-party vendor responsible for customer billing, account renewal, and cancellation functions in connection with customer purchases of software subscriptions from the Defendant. Id. at 4. Stressing her lack of knowledge concerning Digital River's business practices and business relationship with the Defendant, the Plaintiff asserted that she should be permitted to conduct further discovery related to Digital River. Id.

In conclusion, the Plaintiff acknowledged that she had the opportunity to depose a defense witness and a representative of Digital River. Pl.'s Supp. Mot. for Disc. at 4. However, she explained, because of "Defendant's very limited document production" she was "incapable of adequately preparing for those depositions" and therefore she declined to depose those

witnesses.[3] Id. Absent documents concerning the Defendant's internal business policies and procedures related to software subscriptions and cancellations, the Plaintiff argued that she was unable to respond to the Defendant's summary judgment motion. Id. at 5. The Plaintiff did not cite any legal authority to support her request.

At the outset of his Opinion and Order, the Magistrate Judge reviewed the Defendant's summary judgment motion and its accompanying exhibits and thoroughly discussed the procedural history of this case. Sherrod v. Enigma Software Grp., USA, LLC, No. 2:13–cv–36, 2013 WL 6730795, at *1–2 (S.D. Ohio Dec. 19, 2013). The Magistrate Judge then turned his attention to the Plaintiff's Supplemental Motion for Discovery. After outlining the parties' respective arguments, the Magistrate Judge analyzed the Plaintiff's request for additional discovery under Rule 56(d). Id. at *2–3. Based on his review of the pleadings, the Magistrate Judge concluded that the Plaintiff failed to demonstrate that further discovery was necessary to formulate a response to the Defendant's summary judgment motion:

> Ms. Sherrod agreed to the scope of discovery necessary to respond to the summary judgment motion, and her belief that documents pertaining to Engima's business processes would have been included in that discovery is not substantiated by the language in the agreed-on order. Ms. Sherrod's vague assertion that documents explaining Enigma's business processes would "establish an internal standard against which Defendant's conduct can be measured" fails to "state with some precision" how she expects those documents would help her to oppose summary judgment.

Id. at 3 (internal citation omitted).

---

[3] The Plaintiff further argued:

> Defendant's production placed her in a position of asking business process questions at deposition that each witness could decline to answer for lack of knowledge or memory, or without referring to the undisclosed policies and procedures that governed subscriptions and cancellations. Moreover, for the same reasons, each witness could decline to answer questions relating to the business relationship between Defendant and Digital River. To the extent each witness answered such question, [the Plaintiff] would have no way to know whether they were fabricating their testimony or predicating it upon written business policies and procedures.

Pl.'s Supp. Mot. for Discovery at 4.

In response to the Plaintiff's argument that she needed additional discovery to understand the technical documents produced by the Defendant, the Magistrate Judge observed that the Plaintiff could have deposed the Defendant's employee as provided for in the Agreed Order. Id. at *4. The Magistrate Judge further emphasized that "[b]y her own admission, Ms. Sherrod elected not to pursue that discovery, and a Rule 56(d) motion may not be based on a preference that the discovery sought come in the form of documents, as opposed to deposition testimony." Id.

In conclusion, the Magistrate Judge found that the Plaintiff failed to satisfy Rule 56(d)'s standard for additional discovery and denied the Plaintiff's Supplemental Motion. Id.

Having reviewed the Plaintiff's pleadings and the Magistrate Judge's decision, the Court concludes that the Magistrate Judge did not abuse his discretion in denying the Plaintiff's Supplemental Motion for Leave to Conduct Discovery. Rule 56(d) requires the movant to present "specified reasons" why she cannot present facts essential to justify her opposition to the non-movant's motion for summary judgment.[4] Here, the Plaintiff failed to present the Magistrate Judge with specific reasons why additional discovery was necessary pursuant to Rule 56(d). The Plaintiff's affidavits contain bare bones statements, expressing a general, unspecified need for further discovery. As previously noted, conclusory statements and vague assertions do not justify granting a Rule 56(d) motion. Summers, 368 F.3d at 887 (citing Cantrell, 92 F. Supp. 2d at 717); Lanier, 332 F.3d at 1006.

The Plaintiff's pleadings contain similarly imprecise arguments. According to the Plaintiff, discovery related to the Defendant's "business processes associated with consumer

---

[4] Although Rule 56(d) instructs a party seeking additional discovery to file an affidavit or declaration discussing his or her need for further discovery, the Sixth Circuit has recognized that this is not a rigid requirement. See Reliance Mediaworks (USA) Inc. v. Giamarco, Mullins & Horton, P.C., — F. App'x —, 2013 WL 6698039, at *5 n.2 (6th. Cir. Dec. 20, 2013) (citing Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, 280 F.3d 619, 628 (6th Cir. 2002)) ("In Abercrombie, the Sixth Circuit cautioned courts not to "exalt form over substance" in mandating the filing of a 56(d) affidavit. . . . But at minimum, the [moving] party must comply with the substance of Rule 56(d).").

purchases and cancellations of software subscriptions" is necessary to "establish an internal standard against which Defendant's conduct can be measured." Pl.'s Supp. Mot. for Disc. at 4. The Plaintiff insists that the "Defendant's policy and procedure documents are crucial to understanding how Defendant's business process should work vis-à-vis how it worked for Ms. Sherrod." Id. at 3. Further, the Plaintiff asserts that these business process documents are necessary in order to interpret technical documents provided to the Plaintiff in discovery. Id. In the Court's view, the Plaintiff has failed to provide a detailed explanation of why these documents are necessary for her to respond to the Defendant's summary judgment motion.

The Plaintiff's claims against the Defendant sound in contract and tort. In its Motion for Summary Judgment, the Defendant presented business records purportedly demonstrating that it renewed the Plaintiff's subscription pursuant to the terms of the contract. Therefore, in order to respond to the Defendant's motion, the Plaintiff must present evidence that the Defendant violated the terms of the contract when it renewed the Plaintiff's software subscription. The Plaintiff has not explained, and it is unclear to the Court, how documents relating to the Defendant's internal operating procedures could demonstrate that the Defendant breached its contract with the Plaintiff. The terms of the contract control the dispute between the parties, and there is no suggestion that the Defendant's internal operating procedures were incorporated into the contract between the parties. Although documents concerning the Defendant's internal operating procedures might be useful to provide context to the Plaintiff's claims, the Plaintiff has failed to explain why they are necessary to respond to the Defendant's summary judgment motion. To the extent that the Plaintiff has raised claims of fraud and misrepresentation, the Plaintiff has not explained how documents related to the Defendant's internal operating procedures are material to her tort claims. Without a detailed explanation providing specific

reasons why discovery of these documents are necessary pursuant to Rule 56(d), the Court cannot conclude that the Magistrate Judge abused his discretion in denying the Plaintiff's Supplemental Motion.

In her Motion for Reconsideration, the Plaintiff presents new arguments and expands on arguments previously presented to the Magistrate Judge.[5] See Pl.'s Mot. for Reconsideration at 2–4 (e.g., discussing how the Defendant's internal operating procedures would be relevant to the Plaintiff's fraud claim; arguing that without internal operating procedures, the Plaintiff would have no way to determine whether the Defendant met its contractual obligations). The Court considers only those arguments presented to the Magistrate Judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases) (recognizing that when reviewing objections to a magistrate's decision, courts do not consider new arguments or issues not presented to the magistrate); North Am. Rescue Prods., Inc. v. Bound Tree Med., LLC, No. 2:08–cv–101, 2010 WL 1873291, at *5 (S.D. Ohio May 10, 2010) (Holschuh, J.) (citing Murr when reviewing objections to a magistrate's discovery order). Therefore, the Plaintiff's Motion for Reconsideration and the new arguments contained therein do not alter the Court's conclusion that the Magistrate Judge did not abuse his discretion in denying the Plaintiff's Supplemental Motion.

### III.    Motion for Extension of Time to File Response/Reply

In his December 19, 2013 Opinion and Order denying the Plaintiff's Supplemental Motion, the Magistrate Judge ordered the Plaintiff to file a response to the Defendant's summary judgment motion within 21 days of the Order being entered. Sherrod, 2013 WL 6730795, at *4. At the conclusion of his Order, the Magistrate Judge stated, "This order is in full force and effect,

---

[5] The Plaintiff includes these arguments in the section entitled "Procedural History and Relevant Facts."

notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge." Id. at 5 (citing S.D. Ohio L.R. 72.3). On January 2, 2014, the Plaintiff filed his Motion for Reconsideration of the Magistrate Judge's Order. On January 8, one day before the Plaintiff's response to the Defendant's motion for summary judgment was due, the Plaintiff filed a Motion for Extension of Time (doc. 28), requesting that the Court resolve the Motion for Reconsideration prior to requiring her to file a response to the Defendant's motion for summary judgment. Pl.'s Mot. for Extension of Time at 1, doc. 28. Further, the Plaintiff argued, even if the Court denied her request, the Court should grant an additional period of time for her to respond because her counsel experienced the reoccurrence of a lower back injury that prevented him from working since late December 2013. Id. at 2.

Absent a stay or other order from this Court, the Plaintiff was obligated to submit her response to the Defendant's summary judgment motion on January 9. Her pending Motion for Extension of Time did not excuse her from this obligation. Nonetheless, the Court will grant the Plaintiff's Motion and allow her 14 days to file a response to the Defendant's Motion for Summary Judgment.


## IV.  Conclusion

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Reconsideration (doc. 27) and GRANTS the Plaintiff's Motion for Extension of Time (doc. 28). The Plaintiff shall file a response to the Defendant's Motion for Summary Judgment within 14 days of this Order being filed.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 28, 2014